GLOVER *v.* GAR-BERN BUILDING AND DEVELOPMENT CO., INC. ET AL.

[No. 190, September Term, 1971.]

*Decided February 9, 1972.*

The cause was argued before HAMMOND, C. J., and

BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Alan Edgar Harris* for appellant.

*Luke K. Burns, Jr.,* with whom were *George L. Huber, Jr.,* and *Arnold, Beauchemin & Huber* on the brief, for appellees.

HAMMOND, C. J., delivered the opinion of the Court.

Ann Glover, the appellant, was employed as a dental assistant in an office in an apartment house owned by one appellee and managed by another. As she was leaving on a day in winter, she fell on a sidewalk just outside the office and broke her leg. She sued the owner and manager of the apartment house for failing to keep the sidewalk free of ice and snow, and a jury found for the defendants. In her appeal to this Court Miss Glover makes but one contention—that the trial court erred to her prejudice in permitting the appellees to cross-examine her witness beyond the scope of the direct examination. She complains that the appellees proved their cause by her witness, arguing that this was impermissible and improper. We find no substance in her contention.

Miss Glover called as her witness the maintenance man at the apartment house, one Smith, and elicited from him testimony that on the day of the accident he was at work at the apartment house from about 6:45 a.m. to 3:30 or 3:45 p.m.; that there was salt in the building for him to use to salt the sidewalks around the apartment house; that there had been snow on the sidewalks before he arrived which had been plowed off by a construction company working nearby; that he cleaned the walks again with a shovel and put salt on them.

On cross-examination Smith was asked why he arrived over an hour earlier than usual that day and responded that it was to clean the sidewalks. He was then asked whether, when he arrived, he had observed "the

sidewalks in the rear of the building." Miss Glover's lawyer, Mr. Harris, said: "Excuse me, Judge. This is [cross] examination not within the [direct] and I would reserve the right to cross-examination * * *. It is beyond the scope * * *." Judge Ross treated the remark as an objection and overruled it. However, Smith did not answer the question and there followed some sixteen questions and answers concerning what Smith's duties were and what he had done on the day in question, without objection or comment from Mr. Harris, and then Smith was asked where he ate lunch on the day of the accident, which brought about this reaction from Mr. Harris: "Now Judge, this is beyond the direct. If he's going to make this witness his I would want cross-examination." There was no ruling or comment by the court and Smith was thereafter asked, and answered, without objection or comment by Mr. Harris, some seventeen questions about the condition of the sidewalks at various hours and about when, from time to time, he had salted them.

Mr. Harris then exercised, in effect, the right to "cross" examination he had requested, asking and receiving answers to some thirty-six questions on the subject matter of Smith's duties, sidewalks and salt and salting. Defendants' lawyer asked four more questions on recross and Mr. Harris four more on redirect.

At this point both sides seemed to agree that everything that Smith knew, saw and did or did not do that day at the apartment house had been related to the jury.

There are at least two fatal weaknesses in Miss Glover's hopes for reversal. First, she did not follow the mandate of Maryland Rule 522 d 2. This reads: "Every objection to the admissibility of evidence shall be made at the time such evidence is offered, or as soon thereafter as the objection to its admissibility shall become apparent, otherwise the objection shall be treated as waived." Second, even had she made timely and proper objection, the cross-examination did not violate or offend the rule that cross-

examination is to be confined to the subject matter of the direct examination. In *Williams v. Graff*, 194 Md. 516, 522-523, this Court said:

"However, our rule does not go to the extent of restricting the cross-examination of the witness to the specific details inquired into on direct examination, but permits full inquiry into the subject matter entered into. Where a general subject has been entered upon in the examination in chief, the cross-examining counsel may ask any relevant question on the general subject. In our judgment the rule limiting cross-examination to the general facts stated on direct examination should not be so applied as to defeat the real object of cross-examination, i.e., to elicit all the facts of any observation or transaction which has not been fully explained. * * * The scope to which the cross-examination may extend rests largely in the discretion of the trial judge, and his ruling thereon will not be disturbed by the Court of Appeals, unless it appears that some injustice has been done."

We agree with the observation in *Marteney v. United States* (10th Cir.), 218 F. 2d 258, 265, in which the Court, relying in part on *Williams v. Graff, supra,* said:

"While cross-examination should be limited to matters brought out on direct examination and to subjects which are relevant to the issues, the purpose of cross-examination is to elicit the truth. For this purpose the examination of collateral matters rests largely within the discretion of the trial court, and its ruling will not be disputed unless it appears that there has been a clear abuse of this discretion and an injustice done."

We think the cross-examination was within the limits indicated as permissible by *Williams v. Graff*, that Judge

Ross did not abuse his discretion in permitting the testimony brought out on cross and its presentation in the fashion in which it was presented, and that appellant suffered neither injustice nor prejudice. All the available facts from which the truth could be determined as to what happened and why were made fully known to the jury which decided either that there was no primary negligence or that the plaintiff was contributorily negligent, on proper instructions as to which there were no objections.

*Judgment affirmed, with costs.*